# Case No. 2,614.

## CHARD v. The KATE L. BRUCE.

[N. Y. Times. April 1. 1863.]

### District Court, N. D. New York.

COLLISION—LACHES OF LIBELANT—1868.

[1. A claim for damages sustained by collision on Lake Erie cannot be maintained against a bona fide purchaser of the vessel at mortgage sale, without notice of the claim, more than one year after the collision, when the vessel continued to run on the lakes.]

[2. As a general rule, admiralty liens on vessels navigating the western lakes must be prosecuted within one year after such liens could have been prosecuted, or they will be considered stale.]

[In admiralty. Libel by Rufus J. Chard against the schooner Kate L. Bruce for damages caused by collision.]

Before HALL, District Judge.

This is a case of collision. The collision occurred near Turtle island, at the west end of Lake Erie, on May 16, 1858. The Bruce continued to run on the lakes between Chicago and Buffalo, until about the 10th of May, 1859, when she was sent down the St. Lawrence and taken around to Boston, Mass. While at Montreal she was taken into possession by parties holding a mortgage upon her, and on the 3d of August, 1859, she was sold under the mortgage as free from incumbrances, and for her fair value, to a bona fide purchaser, without notice, who afterward, and before notice of any claim, paid the purchase money. The notice of the sale under the mortgage was published in Buffalo, where the libelant resided, in a daily paper, from the 8th of July to the 1st of August, but no notice of this claim was given at the sale. The libelant claims as assignee of the owner of the vessel injured by the Bruce.

As a general rule, I have held that admiralty liens on vessels navigating our western lakes must be prosecuted within one year after such liens could have been prosecuted,

[2] [From 4 Am. Law T. Rep. U. S. Cts. 30.]

or that they will be considered as stale, and will not be enforced against a bona fide purchaser for value without notice. Under all the circumstances of this case, I think the claim should be considered a stale claim, which ought not to be enforced against the present owner of the Bruce. Libel dismissed, with costs.